# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Aaron M. Burns, )
    Petitioner, )
     )
v. ) 1:16cv1276 (LO/TCB)
     )
Harold Clark, )
    Respondent. )

## MEMORANDUM OPINION

Aaron M. Burns, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his aggravated sexual battery conviction in the Circuit Court for the City of Norfolk. Petitioner applied to proceed in forma pauperis. By Order dated November 8, 2016, petitioner was found to not qualify to proceed in forma pauperis, and the matter was dismissed without prejudice to petitioner submitting the required filing fee of $5.00 within thirty (30) days of the date of the Order, at which point the petition would be reopened. Petitioner paid the filing fee on December 9, 2016; however, he also filed a Notice of Appeal on December 9, 2016. Dkt. Nos. 7, 8. The Fourth Circuit dismissed petitioner's appeal on January 6, 2017.

By Order dated February 1, 2017, the matter was reopened and respondent was directed to show cause why the writ should not be granted. Dkt. No. 15. On February 23, 2017, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Dkt. Nos. 18-20. Petitioner was also provided the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. Dkt. No. 21. Petitioner has not filed a response. This motion is now ripe for adjudication. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

# I. Background

Petitioner is detained pursuant to a final judgment of the Circuit Court of the City of Norfolk. Case No. CR13003076-01. Pursuant to a written plea agreement, petitioner pled guilty to one count of aggravated sexual battery, in violation of Virginia Code §18.2-67.3, and the charge of indecent liberties was nolle prosequi. Id. Petitioner was sentenced to eight years imprisonment, with four years suspended. Id. Petitioner pursued a direct appeal to the Court of Appeals of Virginia, which denied the petition for appeals. Record No. 0919-14-1. Petitioner did not file a direct appeal in the Supreme Court of Virginia.

While pursuing his direct appeal, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Record No. 141104. Petitioner raised the following claims in his state habeas petition.

> 1. Ineffective assistance of counsel based on trial counsel's misrepresentation of the terms of the plea agreement, rendering petitioner's guilty plea involuntary, and failure to timely provide plaintiff copies of his case file.
>
> 2. Violations of petitioner's rights under the Sixth and Fourteenth Amendments.
>
> 3. Violations of petitioner's rights under the Fourth Amendment as his arrest, as well as the search and seizure of his property, were illegal.

Id. The Supreme Court of Virginia stated the facts as follows.

> Pursuant to a guilty plea, petitioner was convicted in the Circuit Court of the City of Norfolk of aggravated sexual battery of a child less than thirteen years of age, and was sentenced to eight years' imprisonment with four years suspended.
>
> ****
>
> [During the plea colloquy, petitioner represented] that his guilty plea was voluntary, that he did not have "any complaints" about counsel's performance, that he had read the plea agreement in its entirety, reviewed it with counsel, and understood the terms of the agreement, including that he would be sentenced by the court after consideration of a Presentence Investigation Report and that there was

no agreement between petitioner and the Commonwealth regarding "a specific length of confinement" ....

Id. The state habeas petition was dismissed on January 22, 2015. Id.

On September 17, 2016, petitioner filed the instant federal petition, wherein he challenges his conviction on the following grounds.

> 1a. Petitioner's plea was involuntary and unknowing because it was not the same as the plea agreement verbally presented by trial counsel.
>
> 1b. Petitioner's arrest was illegal and forced, therefore his confession is invalid.
>
> 1c. Petitioner's property was illegally seized and searched.
>
> 2. Trial counsel was ineffective because he
>    a. falsely represented the terms of the plea agreement;
>    b. ignored exculpatory evidence as well as police and prosecutorial misconduct;
>    c. failed to object to the "plea violation;"
>    d. filed to explain the guidelines and the ramifications of taking the plea; and
>    e. failed to subject the case or the appeal to "adversarial testing."
>
> 3. The sentence was excessive and "out of proportion," and the conditions of confinement are cruel and unusual.
>
> 4. Both the Supreme Court of Virginia and the Court of Appeals of Virginia engaged in misconduct.

Dkt. No. 1.

## II. Exhaustion and Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted

in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995). In this case, Claims 2b, 2c, 2d, 2e, 3 and 4 have not been presented to the Supreme Court of Virginia for review because petitioner did not file a direct appeal in the Supreme Court of Virginia and he did not present these claims in his habeas corpus petition filed in the Supreme Court of Virginia.[1]

Although petitioner did not properly present Claims 2b, 2c, 2d, 2e, 3 and 4 to the Supreme Court of Virginia, they nonetheless are treated as exhausted because petitioner is now precluded from raising them in state court.[2] See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court.") Specifically, Claims 2b, 2c, 2d, 2e, 3 and 4 are procedurally defaulted under Virginia Code § 8.01-654(B)(2), which bars successive state habeas applications. The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for

---

[1] To the extent petitioner may have raised any of these claims in his response to the motion to dismiss filed in the Supreme Court of Virginia, those claims were not properly presented in petitioner's state habeas petition because they were not presented in the original petition and petitioner was not authorized to file a response to the motion to dismiss. See Va. Code § 8.01-654 (requiring that habeas petitions "contain all allegations the facts of which are known to petitioner at the time of filing ...."); Taylor v. Murray, 855 F. Supp. 124, 126–27 (E.D. Va. 1994) ("[t]he Brief [petitioner] submitted in reply to the responsive pleading was not authorized under the Rules [of the Supreme Court of Virginia]. The Supreme Court of Virginia was not obligated to accept, read, or consider it. Indeed, the presumption is the Court followed its own rules and did not consider it.").

[2] To the extent petitioner is asserting claims that should be raised pursuant to 42 U.S.C. § 1983, those claims will be dismissed, without prejudice to petitioner filing a separate § 1983 complaint.

4

decision." Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Because "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim," Baker, 220 F.3d at 288 (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)), Claims 2b, 2c, 2d, 2e, 3 and 4 of the instant petition are procedurally defaulted from federal consideration. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). Petitioner has not provided any reasons why there is cause, prejudice, or a fundamental miscarriage of justice. Accordingly, Claims 2b, 2c, 2d, 2e, 3 and 4 are deemed to be simultaneously exhausted and defaulted, and they will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or

was based on an unreasonable determination of the facts presented at the trial.³ 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective

---

³ Respondent argues that "petitioner must show that he is entitled to relief under the 'new rule' doctrine in Teague v. Lane, 489 U.S. 288 (1989) and its progeny." Dkt. No. 15 at 5. "[I]f the State does argue that the defendant seeks the benefit of a new rule of constitutional law, the court must apply Teague before considering the merits of the claim." Caspari v. Bohlen, 510 U.S. 383, 389 (1994). To the extent respondent is arguing that Teague applies, this argument fails because petitioner is not arguing any new rules of constitutional law.

one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

### A. Claims 1a and 2a

Petitioner argues that his plea agreement was not voluntary, and that his counsel was ineffective, because defense counsel verbally informed petitioner of a plea deal that was not reflected in the written plea agreement. Specifically, petitioner states that on September 4, 2013, trial counsel verbally told petitioner that the plea offer was for petitioner to be sentenced to between one and three years, with all but between one and 90 days suspended. Trial counsel allegedly informed petitioner that "having only just learned of the incriminating evidence that had been discovered, he did so advise [petitioner] that whereas [they] had been previously moving for dismissal, that to now go to trial would be to 'get smoked' and that [they] had to plea out immediately before more charges came." Petitioner states that he would not have accepted the plea agreement as written without having first done "everything possible to try to get the charges dismissed first or short of that to get the very best dea[l] possible and [with] the very least amount

7

of time to serve, which is what any rational person could be expected to do." Accordingly, petitioner states that his plea was not voluntary because the terms were misrepresented to him by trial counsel and "the plea was broken on 9/6 and should be considered null and void and a new trial issued." Petitioner also states that trial counsel was ineffective for these same reasons.

The Supreme Court of Virginia dismissed these claims because "petitioner failed to offer a valid reason why he should not be bound by his representation[s] at trial ...." The court also found that "there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary."

In determining the constitutionality of a guilty plea,

> [t]he standard ... is whether the guilty plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. In applying this standard, courts look to the totality of the circumstances surrounding the guilty plea, granting the defendant's solemn declaration of guilt a presumption of truthfulness.

Beck v. Angelone, 261 F.3d 377, 394 (4th Cir. 2001) (citations omitted). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck, 261 F.3d at 396.

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984). Under this test, a petitioner must prove both that his attorney's performance was so deficient "that counsel was not

functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The two prongs, deficient performance and prejudice, constitute "separate and distinct elements." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. Strickland, 466 U.S. at 697; see also Bell v. Cone, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand."). A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell, 535 U.S. at 695; Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

The Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket, 208 F.3d at 190. In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a

9

formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Petitioner admits that he confessed to the crimes and that there was ample evidence of his guilt. In addition, he stated during the plea colloquy that his guilty plea was voluntary, that he had no concerns with trial counsel, and that he had read the plea agreement in its entirety, reviewed it with counsel, and understood the terms of the agreement. Finally, petitioner stated during the plea colloquy that he understood that there was no agreement with the Commonwealth regarding a specific length of confinement. Therefore, petitioner has not established that he should not be bound by his representations during the plea colloquy and the totality of the circumstances establishes that his decision to plead guilty was a voluntary and intelligent choice. In addition, petitioner's conclusory allegations that he would have gone to trial had he known the "real terms" of the plea agreement are insufficient to establish that counsel was ineffective. Thus, the state habeas court's decision is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claims 1a and 2a will be dismissed.

### B. Claims 1b and 1c

Petitioner next argues that his confession was coerced and not voluntary because he was illegally arrested. Specifically, petitioner asserts that he was arrested the day before his arrest warrant was executed. Petitioner also claims that his property was illegally seized and searched because it was taken by the police 45 days prior to a search warrant being issued.

The Supreme Court of Virginia held these claims were "barred because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea." "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects ....") (citing Parker v. Ross, 470 F.2d 1092, 1093 (4th Cir.1972)). Because petitioner's guilty plea was voluntary and knowing, the state habeas court's decision barring petitioner's claims is neither contrary to, nor an unreasonable application of, existing federal law. Additionally, the state habeas court's determination does not rest upon an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claims 1b and 1c will be dismissed.

### V. Pending Motions

To the extent petitioner is moving for the appointment of counsel in his petition, this request will be denied. There is no Sixth Amendment right to counsel to pursue a petition for habeas corpus. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, a court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B). Rule 6(a) of the Rules Governing § 2254 Cases provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures." Rule 8(c) mandates that counsel be appointed only "[i]f an evidentiary hearing is required." Moreover, the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances" exist, such as when a case is

particularly complex or a litigant is unable to represent himself adequately. <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984). Petitioner has ably represented himself in this matter and no discovery was ordered.

## VI. Conclusion

Claims 2b, 2c, 2d, 2e, 3, and 4 are deemed simultaneously exhausted and defaulted, and are dismissed. As to claims 1a, 1b, 1c, and 2a, nothing in the state court record indicates that the state habeas court decisions were either contrary to, or an unreasonable application of, clearly established federal law, nor did those decisions involve an unreasonable determination of the facts. Finally, petitioner's request for counsel will be denied. Accordingly, this petition will be dismissed, with prejudice, by an Order to be issued with this Memorandum Opinion.

Entered this 16th day of May 2017.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge